```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )   CR. NO. 13-00021-SOM-2
                              )
         Plaintiff,           )   ORDER DENYING DEFENDANT'S
                              )   SECOND MOTION FOR
                              )   COMPASSIONATE RELEASE
                              )
    vs.                       )
                              )
DEROY LAVATAI,                )
                              )
         Defendant.           )
                              )
_____ )
```

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE**

**I.     INTRODUCTION.**

In 2013, Defendant Deroy Lavatai entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 841(b)(1)(D), and 846. In 2014, this court sentenced Lavatai to a mandatory minimum sentence of 20 years in prison. In 2018, however, Congress amended 21 U.S.C. § 841 as part of the First Step Act. Under today's law, Lavatai would face a mandatory minimum sentence of 15 years.

Lavatai now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This court denied a similar motion on July 24, 2020, and none of Lavatai's arguments warrant a departure from this court's prior ruling. His motion is denied.

**II.     THIS COURT'S PRIOR ORDER.**

On June 18, 2020, Lavatai filed his first motion for compassionate release. *See* ECF No. 370. Lavatai contended that extraordinary and compelling reasons justified a reduction in his sentence for two reasons. First, he maintained his underlying medical conditions (obesity and hypertension) made him vulnerable to complications if he contracted COVID-19. ECF No. 373, PageID # 1574-84. Second, he asserted that, sentenced today, he would receive a shorter sentence because of the 2018 amendments to 21 U.S.C. § 841. *Id.* at 1590-95.

This court rejected both arguments. As to Lavatai's vulnerability to COVID-19, this court noted that because Lavatai had already contracted the coronavirus, he had some level of protection against a second infection. ECF No. 381, PageID # 1701-02. After considering that possibility and weighing the risks that the coronavirus posed to Lavatai based on his medical condition, this court concluded that his vulnerability to COVID-19, standing alone, did not justify an early release. *Id.*

As to the possibility that Lavatai would receive a reduced sentence under today's law, this court held that while a "change in the law may be a relevant consideration in determining whether extraordinary and compelling circumstances justify a defendants' release," it "may not be the sole consideration." ECF No. 381, PageID # 1703. Based on the circumstances before

the court in 2020, Lavatai had not shown that the change in the law justified his early release.

Most significantly, this court noted that even if he had been sentenced under the First Step Act, Lavatai would still have had a significant amount of time left to serve. *Id.* As an initial matter, even though the First Step Act would have reduced the mandatory minimum sentence faced by Lavatai from 20 years to 15 years, "he would not be guaranteed a 15-year sentence." *Id.* at 1703. "Moreover, Lavatai ha[d] served about 90 months of his sentence," or significantly less than even the new 180-month mandatory minimum sentence. *Id.* This court did note that the record included "encouraging indications about Lavatai's commitment to his rehabilitation" and that the record presented "a close case." *Id.* at 1704. But, after weighing those positive factors against the amount of time remaining on Lavatai's sentence, this court concluded that it did "not have extraordinary and compelling reasons to reduce Lavatai's sentence at this time." *Id.*

Finally, this court rejected Lavatai's argument that even if it did not "order his immediate release," it should "nevertheless reduce his sentence to 180 months now because that is the sentence he says he would receive if sentenced today." *Id.* at 1705. This court "decline[d] to enter any order reducing Lavatai's sentence but setting a release date years into the

future."  *Id.* at 1706.

**III.    ANALYSIS.**

Lavatai's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.  *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

>   **A.   Lavatai has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).**

Lavatai submitted an administrative compassionate release request to the warden of his prison more than 30 days before filing this motion.  *See* ECF No. 414, PageID # 2164.  He has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).  The Government is not contesting Lavatai's satisfaction of the exhaustion requirement.  *Id.*

>   **B.   This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this judge has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This judge has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, she is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions.  *Balgas*, 2021 WL 2582573, at *2; *United States v. Mau*, 2020 WL

6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Balgas*, 2021 WL 2582573, at *2; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

  The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

6

### C. Lavatai has not demonstrated that extraordinary and compelling circumstances justify his early release.

This court therefore turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In its order denying Lavatai's first compassionate release motion, this court held that, based on the record before it, Lavatai had failed to justify his early release. Lavatai has not persuaded the court to reconsider its prior ruling.

As an initial matter, Lavatai again argues that he should be released because of his vulnerability to COVID-19. *See* ECF No. 407, PageID # 2020. But Lavatai has not shown that the coronavirus poses a greater threat to him now than it did in 2020. To the contrary, after the court issued its first order, Lavatai received two shots of the Moderna mRNA vaccine, the first on October 28, 2021, and the second on November 23, 2021.[1] ECF No. 414-2, PageID # 2186. This court has repeatedly held that vaccinations significantly reduce the likelihood of a severe case of COVID-19. *See United States v. Kaneshiro*, 2021 WL 6125829, at *4 (D. Haw. Dec. 28, 2021) ("The court also notes that the likelihood of Kaneshiro contracting a severe case of COVID-19 has been tempered by the vaccinations he has received from the

---

[1] It appears that Lavatai was offered the vaccine in March of 2021, but he declined to receive it on that date. ECF No. 414-2, PageID # 2186.

7

BOP."). Accordingly, this court sees no reason to depart from its prior ruling that, standing alone, the coronavirus pandemic does not justify Lavatai's early release.

Lavatai also asserts that "if he had been sentenced today," he "would have received a substantially reduced term of imprisonment as opposed to the sentence he did receive." ECF No. 407, PageID # 2036. Again, even under today's law, Lavatai would face a 15-year mandatory minimum sentence. Lavatai has been in custody since January 10, 2013. *See* ECF Nos. 19, 34. He has therefore served approximately 112 months. Even if he had received the shortest sentence that he was eligible to receive under today's law (180 months), and even after considering potential good time credit he might earn, he would have months left to serve. Absent extraordinary circumstances that he has not shown are not present at this time, a change in the law cannot justify a sentence that is *shorter* than the minimum sentence that Lavatai could have received under the new law.

According to Lavatai, he "has not had any incidents since this court said to stay out of trouble." ECF No. 407, PageID # 2020. That is not entirely true. On December 4, 2020, Lavatai was sanctioned for "telephone abuse" for "using another inmate's PAC number." ECF No. 414-3, PageID # 2189. The underlying incident occurred on November 10, 2020. *Id.* He therefore was placed in disciplinary segregation, and he lost

commissary, telephone, and visitation privileges for several months.  *Id.*

In any event, this court will be better placed to evaluate Lavatai's rehabilitation at a later date.  To reiterate, if the primary basis[2] for Lavatai's compassionate release motion is his eligibility for a 15-year mandatory minimum sentence under today's law, it is unlikely[3] that this court would release Lavatai before he has served what he would serve under today's law.  As time passes, this court will have more information about Lavatai's conduct in prison.  It will therefore be in a better position to consider Lavatai's commitment to his rehabilitation in the future.  Based on the present record, the court declines to release Lavatai under § 3582(c)(1)(A).

Lavatai is free to bring another motion in the future. To avoid any misunderstanding, this court stresses that it is ruling that Lavatai has not shown entitlement to compassionate

---

[2] In part, Lavatai appears to being saying that he should receive a reduced sentence because measures to protect inmates from COVID have made his time in prison harsher. ECF No. 407, PageID # 2036-37.  Section § 3582(c)(1)(A), however, only permits an early release under extraordinary and compelling circumstances.  Lavatai's argument would justify the early release of every inmate with his medical conditions who has served time during the present pandemic.  That is not an extraordinary or compelling reason.

[3] This court is not saying that it will never grant a compassionate release motion when an inmate has served less than his or her mandatory minimum sentence.  But none of the circumstances of this case justifies such an order.

release at present.  This court is confining this order to the present record and the present state of the law.  The court is, however, not saying that it will never order compassionate release based at least in part on changes in sentencing provisions, particularly once Lavatai has served the same amount of time that he would have served under a 15-year mandatory minimum sentence.  On the other hand, this court is not here committing to releasing Lavatai in the future on some different record.  Lavatai can increase his chances of a favorable ruling by making a showing of further positive progress in his rehabilitative efforts.

**IV.      CONCLUSION.**

Lavatai's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, April 18, 2022



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Lavatai*, Cr. No. 13-00021-SOM-2; ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE